**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
----------------------------------------------------------------X
Jaime Ortiz, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action,*

                        *Plaintiff*,

    - against -

FIVE STAR VALET SERVICES LLC, BRYAN LOPEZ AND JOPHN GARCIA

                        *Defendants*.
----------------------------------------------------------------X

**Jury Trial Demanded**

**COMPLAINT**

Plaintiff Jaime Ortiz ("Plaintiff" or "Ortiz"), on behalf of himself and others similarly situated, by and through his attorneys, Stillman Legal P.C., upon personal knowledge as to himself and upon information and belief as to others, brings this complaint against Defendants FIVE STAR VALET SERVICES LLC, and states as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this lawsuit seeking recovery, for himself and all other similarly situated individuals, against Defendants for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New Jersey State Wage and Hour Law, NJSA §34:11-56 *et seq* ("NJWHL"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Plaintiff seeks injunctive and declaratory relief and to recover unpaid minimum wages, overtime wages, liquidated and statutory damages, pre-and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, 29 USC §§ 201 et seq., and the NJWHL, NJSA §34:11-56 *et seq.*

1

## JURISDICTION AND VENUE

3. This Court has original federal question jurisdiction over this controversy under 29 U.S.C.§216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New Jersey State Law claims pursuant to 28 U.S.C. § 1367(a).

4. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because his claims arise under the FLSA.

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF JAIME ORTIZ**

6. Plaintiff Ortiz was employed as a car valet at Defendants' valet service ("5 Star Valet"). The defendants assigned the sites to which he had to go to work to drive customers cars at Valet services in each restaurant.

7. Plaintiff Ortiz was employed as a non-managerial employee at 5 Star Valet from approximately July 2021 through and including January 21, 2022, and from April 19, 2022, throughand including July 13, 2022.

8. The first job he was assigned to was at Mamasushi Restaurant at its business located at 3417 Park Ave, Union City, NJ 07087, from on or about July 1, 2021, until December 30, 2021, as a car valet.

9. The second job he was assigned to was at Ridgewood Country Club at its business located at 96 W Midland Avenue, Paramus, NJ 07652, from on or about August 16, 2021, until August 19, 2021, as a car valet.

10. The third job he was assigned to was at Noches de Colombia at its business located at 545 Bayway, Elizabeth, NJ 07202, from on or about January 6, 2022, until January 21, 2022, as a car valet.

11. The fourth job he was assigned to was at Mambo Restaurant at its business located at 2185 US-22, Union, NJ 07083, from on or about April 19, 2022, until May 1, 2022, as a car valet.

12. The fifth job he was assigned to was at La Fortaleza Restaurant Garfield at its business located at 361 Midland Ave, Garfield, NJ 07026, from on or about May 4, 2022, until July 13, 2022, as a car valet.

13. At all relevant times, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**DEFENDANT FIVE STAR VALET SERVICES LLC, BRYAN LOPEZ AND JOPHN GARCIA**

14. Upon information and belief, Defendant FIVE STAR VALET SERVICES LLC, BRYAN LOPEZ AND JOPHN GARCIA maintain a principal place of business at 96 Grove Street, Englewood, NJ 07631.

15. At all times relevant to this Complaint, Defendant FIVE STAR VALET SERVICES LLC, BRYAN LOPEZ AND JOPHN GARCIA : (i) has had and continues to have employees engaged in commerce or in the production of goods and servicesfor commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

16. At all times relevant to this Complaint, Defendant FIVE STAR VALET SERVICES LLC, BRYAN LOPEZ AND JOPHN GARCIA was and is a covered employer within

the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

17. At all times relevant to this Complaint, Defendant FIVE STAR VALET SERVICES LLC, BRYAN LOPEZ AND JOPHN GARCIA was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and 29 C.F.R. §791.2, NJWHL §34:11-4.1, and employed employees, including Plaintiff.

18. Defendant FIVE STAR VALET SERVICES LLC, BRYAN LOPEZ AND JOPHN GARCIA possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

19. Defendant FIVE STAR VALET SERVICES LLC, BRYAN LOPEZ AND JOPHN GARCIA had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

## FACTUAL ALLEGATIONS

20. Plaintiff and other similarly situated individuals are individuals who have worked for Defendants in similarly-titled, hourly paid position, during the statutory period.

21. Plaintiff and other similarly situated individuals all shared similar job titles, training, job descriptions and job tasks, during the statutory period.

22. Plaintiff was an employee of Defendants.

23. Plaintiff was employed as a car valet at 5 Star Valet.

24. From approximately July 2021 through and including January 21, 2022, Plaintiff worked four (4) days per week, from 4:00 P.M. to 1:00 A.M. or 3:00 A.M. (*i.e.,* 9 or 11 hours per day), for a total period of approximately 72 to 60 hours during each of the weeks,

respectively.

25. From approximately April 19, 2022, through and including July 13, 2022, Plaintiff worked five (5) days per week, from 4:00 P.M. to 1:00 A.M. or 3:00 A.M. (*i.e.,* 9 or 11 hours per day), for a total period of approximately 72 to 60 hours during each of the weeks, respectively.

26. From approximately July 2021 through and including January 21, 2022, and from April 19, 2022, through and including July 13, 2022, Plaintiff's wages only consisted of gratuities received from customers, he was paid with tips, he received daily $40 to $60.

27. Plaintiff regularly worked for the Defendants in excess of forty (40) hours a week but never received an overtime premium of one and one-half times his regular rate of pay for those hours.

28. At all relevant times, Defendants did not compensate Plaintiff for one hour's pay at the basic minimum hourly wage rate for each day his shift exceeded ten (10) hours.

29. Plaintiff was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign-in sheets or punch cards, that accurately reflected his actual hours worked.

30. No notification, either in the form of posted notices or other means, was ever given to Plaintiff regarding wages required under the FLSA or NJWHL.

31. Defendants did not provide Plaintiff a statement of wages, as required by NJWHL.

32. Defendants did not give any notice to Plaintiff of his rate of pay, employer's regular payday, and such other information as required by NJWHL.

33. At all relevant times, Defendants did not pay Plaintiff at the rate of one and one-half times his hourly wage rate for hours worked in excess of forty per workweek.

## FLSA COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff brings this action individually and on behalf of all other and former non-exempt laborers who have been or were employed by the Defendants for up to the last three (3) years, through the entry of judgment in this case (the "Collective Action Period") and who have not compensated at least the overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

35. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required overtime wage for all hours worked in excess of forty hours per work week. These claims of the Plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

36. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For the purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

37. Plaintiff reserves the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification and thereafter, as necessary.

## FIRST CLAIM

**(FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq*.)**

38. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

39. Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the FLSA, 29 U.S. Code § 206.

40. Defendants have failed to make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs.

41. Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

## SECOND CLAIM
**(FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)**

42. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

43. At all relevant times to this action, Plaintiffs are covered, non-exempt employees within the meaning of the FLSA.

44. Defendants were required to pay Plaintiffs one and one-half (1 1/2) times the regular rate at which Plaintiffs were employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, et seq.

45. Defendants failed to pay Plaintiffs the overtime wages to which they are entitled under the FLSA.

46. Defendants willfully violated the FLSA by knowingly and intentionally failing to

pay Plaintiffs overtime wages.

47. Due to Defendants' willful violations of the FLSA, Plaintiff is entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

### THIRD CLAIM
### [Violation of New Jersey Labor Law—Minimum Wage and Overtime Pay Brought on behalf of Plaintiff and Rule 23 Class]

48. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

49. At all relevant times, Defendants had a policy and practice of refusing to pay the minimum wage and overtime compensation to Plaintiff at one and one-half times the hourly rate to which Plaintiff and the class are entitled.

50. Defendants have failed to make a good faith effort to comply with the NJWHL with respect to the compensation of Plaintiffs.

51. Due to Defendants' violations of the NJWHL, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, in an amount to be determined at trial, pursuant to the NJWHL §§34:11-56a *et seq*.

### FOURTH CLAIM
### (NJWHL – Unpaid Overtime Wages)

52. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

53. Plaintiffs are covered, non-exempt employees within the meaning of the NJWHL and supporting New Jersey Department of Labor ("NJDOL") Regulations.

54. Under the NJWHL and supporting NJDOL Regulations, Defendants are required to pay Plaintiffs one and one-half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

55. Defendants failed to pay Plaintiffs the overtime wages to which they are entitled under the NJWHL.

56. Defendants willfully violated the NJWHL by knowingly and intentionally failing to pay Plaintiffs overtime wages.

57. Due to Defendants' willful violations of the NJWHL, Plaintiffs are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action, and pre-judgment and post-judgment interest.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

a. authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied minimum wages and premium overtime wages;

b. certification of this case as a collective action pursuant to the FLSA;

c. issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the FLSA Collective Plaintiffs;

d. declaring that Defendants violated the minimum wage provisions of the FLSA, the NJWHL and the NJDOL regulations;

e. declaring that Defendants violated the overtime wage provisions of the FLSA, the NJWHL and the NJDOL regulations;

f. declaring that Defendants violated the spread-of-hours pay provisions of the NJWHL and NJDOL Regulations;

g. declaring that Defendants violated the notice statement pay provisions of the NJWHL;

h. awarding Plaintiff unpaid minimum wages;

i. awarding Plaintiff unpaid overtime wages;

j. awarding Plaintiff unpaid spread-of-hours pay;

k. awarding Plaintiff unlawful deductions;

l. awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due;

m. awarding unpaid wages under the WTPA and the New Jersey State contract law;

n. awarding Plaintiff statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NJWHL;

o. awarding Plaintiff pre-and post-judgment interest under the NJWHL;

p. awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of this action; and

q. Such other relief as this Court deems just and proper.

Dated: New York, New York
December 20, 2023

Respectfully submitted,

LINA STILLMAN, ESQ.

By: _____
Lina Stillman
**STILLMAN LEGAL P.C**
42 Broadway, 12th Floor
New York, New York 10004

Telephone: (212) 203-2417
www.StillmanLegalPC.com
*Attorneys for Plaintiff*